UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) MICHAELA THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: CIV-15-725-D |
| | ) | (formerly District Court of Oklahoma |
| | ) | County; Case No. CJ-2015-2486) |
| 2) GRINNELL MUTUAL | ) | |
| REINSURANCE COMPANY, | ) | |
| and | ) | |
| 3) BILL WARE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Grinnell Mutual Reinsurance Company ("Grinnell"), and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court.  Pursuant to LCvR81.2(a), a copy of the state court docket sheet and all documents filed or served in the state court action are attached as Exhibits 1 and 2.  Grinnell has not filed other pleadings or papers in this case.  Plaintiff served Grinnell with interrogatories and document production requests with her Petition, but pursuant to LCvR81.2(c), this discovery is void, as there is no stipulation or court order to the contrary.

The removal of this case to federal court is based on the following:

### INTRODUCTION

1.      Plaintiff Michaela Thornton ("Plaintiff"), commenced this action against both Grinnell and Defendant Ware ("Ware") in the District Court of Oklahoma County,

State of Oklahoma (Case No. CJ-2015-2486), on April 29, 2015. (See Plaintiff's Petition attached as Exhibit 2)

2. Grinnell was served with a copy of the Summons and Petition on June 16, 2015, through the Oklahoma Insurance Commissioner. (See e-mail from Haven Wojciak to Amy Bradley-Waters, attached as Exhibit 3) Plaintiff has not filed a return of service documenting service on Grinnell. (See the state court docket sheet attached as Exhibit 1)

3. To date, Plaintiff has not served a summons and copy of the Petition on Ware. He is an employee of Grinnell, and was the adjuster assigned to handle Plaintiff's UIM claim.

4. Plaintiff alleges that on April 25, 2014, she was involved in a automobile accident that was caused by the negligence of Julia Landwert ("Landwert"). Plaintiff claims that Landwert's liability insurance coverage was insufficient to adequately compensate Plaintiff for her injuries sustained in the accident. (See Exhibit 2, ¶ 6)

5. Plaintiff also alleges that at the time of the accident, she was insured under an insurance policy issued by Grinnell, policy number 0000633821, which included UIM coverage. She further alleges that the value of her claim exceeds the liability limits of Landwert's liability policy. (See Exhibit 2, ¶ 7)

6. In addition, Plaintiff claims that Grinnell and Ware "intentionally and willfully failed to act fairly and in good faith" in the investigation and evaluation of Plaintiff's claim. Plaintiff seeks damages in excess of $75,000.00 for her bad faith claim and $500,000.00 for her breach of contract claim. (See Exhibit 2, ¶¶ 10-12) As such, Plaintiff has alleged damages in excess of $75,000.00.

7.      Plaintiff has also requested an award of punitive damages against Grinnell and Ware for both causes of action asserted against them.  (See Exhibit 2, ¶¶ 11, 18)

## COMPLETE DIVERSITY EXISTS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute."  *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  In order for a federal court to have original jurisdiction of a case or controversy, there must exist either diversity jurisdiction or a federal question.  At the time Plaintiff's Petition was filed, there was no federal question at issue, as there were no allegations that the Constitution or any federal statute had been violated.  (See Exhibit 2)

However, at the time Plaintiff filed her Petition, diversity jurisdiction existed. (See Exhibit 2)  As of the date Plaintiff filed her Petition, this is a civil action over which this Court has original jurisdiction, because it is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

At the time Plaintiff filed her lawsuit, she was a resident and citizen of the State of Oklahoma.  See *Grupo Dataflux v. Atlas Global Group, L.P.*, 541U.S. 567 (2004) (holding that jurisdiction depends upon the parties' residency at the time the lawsuit is filed (See Exhibit 2, ¶ 1)  In addition, Grinnell is a foreign insurer licensed to conduct business in Oklahoma.  (See Exhibit 2, ¶ 3)

Moreover, Ware, at the time of filing, was a resident and citizen of the State of Oklahoma.  (See Exhibit 2, ¶ 3)  However, 28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and**

> **served** as defendants is a citizen of the State in which such action is brought. (emphasis added)

The Tenth Circuit and this Court have stated that federal statutes should be interpreted according to their plain language. If a statute's language is clear and unambiguous, then the Court's analysis ends. *U.S. v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012); *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008) (stating, [i]f the statutory language is clear, our analysis ordinarily ends. . ."); *Lindsay v. Thiokol*, 112 F.3d 10688, 1070 (10th Cir. 1997); *Lindsey v. Brinker Intern. Payroll Co., L.P.*, CIV-11-0396-HE, 2011 WL 2493047, at *3 (W.D. Okla. June 22, 2011).

The language of 28 U.S.C. § 1441 (b)(2) is clear and unambiguous. Removal is only prohibited when a <u>served</u> defendant resides in the forum state. Other districts applying the "plain language" approach to statutory construction agree with this interpretation. One Court stated, "Congress plainly intended to require service of the complaint, and not just proper joinder, to trigger the preclusion of removal by the forum resident defendant in a diversity case, and it did so by including the phrase 'properly joined and served' . . ." *Thomson v. Novartis Pharmaceuticals Corp, v. Genetech, Inc.*, No. 12-11153-DPW, 2013 WL 680200, at *1 (D. Mass. February 21, 2013) (stating "28 U.S.C. § 1441(b) permits removal by a non-forum defendant despite the presence of a forum defendant named in the complaint, as long as the non-forum defendant has been served and removes the case prior to service on the forum defendant.")

The *Thomson* court further stated that allowing removal before service is not "demonstrably at odds" with Congressional intent and would not create an outcome "that

Congress could not have intended." *Thomson,* 2007 WL 1521138, at *4.  There is no evidence showing that Ware has been served.  As such, 28 U.S.C. § 1441(b)(2) is not triggered and removal is not prohibited. *Id.* (stating "removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served.*'" (emphasis in original)(quoting 28 U.S.C. § 1441(b)).  *Gift Care Impressions v. Grp. Serv. Ltd.*, No. 12-CV-2766-CM, 2013 WL 568211, at * 1 (D.Kan. February 13, 2013 (stating "[t]he 'joined and served' language is included to prevent plaintiffs from foreclosing a defendant's ability to remove an action by naming a local defendant whom the plaintiff has no intention of serving or proceeding against.").  Moreover, not only has Ware not been served, he is not a proper party defendant, as a bad faith cause action will not lie against a stranger to an insurance policy contract, which includes an adjuster employed by an insurance company.  *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, 2014 OK 106; *Timmons v. Royal Globe*, 1982 OK 97, 653 P.2d 907  As such, it is evident that Plaintiff only included Ware as a party in this action to destroy diversity jurisdiction.

Similarly, there is no requirement that Ware join in this Notice Of Removal.  28 U.S.C. § 1446(b)(2)(C) (providing "all defendants who have been **properly joined and served** must join in or consent to the removal of the action."  (emphasis added); *Boulter v. Citi Residential Lending,* CIV-10-350-JHP, 2011 WL 128786 (E.D. Okla. January 14, 2011) (stating "it is true that only served parties must join in the notice of removal." (citing *Kiro v. Moore*, 229 F.R.D. 228, 230 (D.N.M. 2005))).

5

## THE AMOUNT IN CONTROVERSY IS IN EXCESS OF $75,000.00

The requirement that Plaintiff seek in excess of $75,000.00, exclusive of interest and costs, is also met. "The right of removal depends upon the case disclosed by the pleading when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942) As disclosed in the Petition, Plaintiff is seeking in excess of $75,000.00 for her bad faith claim alone. She is also claiming she suffered $500,000.00 in damages "as a result of Defendants' breach of contract." (See Exhibit 2, ¶ 17) At a minimum, Plaintiff is seeking damages in the amount of $575,000.00, excluding her claims for punitive damages, which surpasses the jurisdictional threshold for removal. As such, removal is proper under 28 U.S.C. § 1441(a) on the basis that this is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332(a)(2), since the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## REMOVAL TO THIS COURT IS TIMELY AND PROPER

This Notice Of Removal is timely filed with this Court, per 28 U.S.C. § 1446(b), because 30 days have not elapsed since Grinnell was served. (See Exhibits 2 and 3) In addition, pursuant to the same statute, one year has not elapsed since the lawsuit was filed. (See Exhibit 2) Additionally, this matter has been removed to the proper federal district court. 28 U.S.C. § 1446(a) requires that Grinnell file this Notice Of Removal in "The District Court of the United States for the district and division within which such action is pending." Currently, this action is pending in the District Court of Oklahoma County, Oklahoma. The Western District of Oklahoma includes Oklahoma County. 28 U.S.C. § 116(c). As such, removal to this Court is proper.

As required by 28 U.S.C. § 1446(d), Grinnell will serve written notice of the filing of this Notice of Removal upon Plaintiff and will file a copy of the Notice of Removal with the Clerk of the District Court for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant Grinnell Mutual Reinsurance Company, removes this action from the District Court Of Oklahoma County, State Of Oklahoma, to the United States District Court For The Western District Of Oklahoma.

                Respectfully submitted,

                PIERCE COUCH HENDRICKSON
                 BAYSINGER & GREEN, L.L.P.

                s/ Amy Bradley-Waters
                Dan Hoehner, OBA #10852
                1109 N. Francis
                Oklahoma City, OK  73106
                (405) 235-1611
                FAX: (405) 235-2904
                dhoehner@piercecouch.com

                        -and-

                Amy Bradley-Waters, OBA # 16480
                907 South Detroit, Suite 815
                Tulsa, OK  74120
                (918) 583-8100
                FAX: (918) 583-8107
                abradley-waters@piercecouch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2015, I electronically transmitted a full, true and correct copy of the above and foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Joe Carson
Warhawk Legal

<span style="padding-left:3em;">s/  Amy Bradley-Waters</span>