CJ-15-2486

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AP 29 2015

TIM RHODES
COURT CLERK

30 /s/

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MICHAELA THORNTON, )
)
    Plaintiff, )
)
vs. ) Case No.
) CJ-2015-2486
GRINNELL MUTUAL REINSURANCE COMPANY, and, )
BILL WARE, individually, )
)
    Defendants. )

## PETITION

COMES NOW Plaintiff, Michaela Thornton, individually (hereinafter Plaintiff) for her cause of action against Defendant, Grinnell Mutual Reinsurance Company (hereinafter Grinnell Mutual), and Bill Ware, (hereinafter Defendant Ware) and states as follows:

### THE PARTIES

1. Plaintiff was a citizen and resident of Oklahoma County, Oklahoma at the time of the collision hereinafter described.

2. Defendant Grinnell Mutual is incorporated under the laws of the State of Iowa and is licensed to and does conduct business in the State of Oklahoma.

3. At all times, Defendant Ware was an agent, servant and/or employee of Defendant, Grinnell Mutual Reinsurance Company, and was acting within the scope of his employment. Defendant Ware is a citizen and resident of Tulsa County, Oklahoma.

### JURISDICTION AND VENUE

4. This is an action arising from a motor vehicle collision that occurred in Oklahoma County, Oklahoma.

5. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

1

**EXHIBIT 2**

## FIRST CAUSE OF ACTION
### (Bad Faith)

6. On April 25, 2014, Plaintiff, Michaela Thornton was involved in a motor vehicle wreck which was caused by the negligence of one Julia Landwert. At the time of the wreck, Julia Landwert maintained liability insurance with Farmers Insurance in a sum insufficient to adequately compensate Plaintiff for injuries received in said wreck.

7. At the time of the wreck, Plaintiff was insured under a policy of automobile insurance issued by Defendant Grinnell Mutual, policy no. 0000633821, which policy contained uninsured/underinsured motorist vehicle coverage. The value of Plaintiff's personal injury claim exceeded the limits of liability carried by the respective negligent tort feasor.

8. The limits of liability carried by Julia Landwert at the time of the wreck is holy inadequate to compensate Plaintiff for the injuries which she received in the wreck. Whereby, Plaintiff is entitled to recover from Defendant Grinnell Mutual the entire amount of her personal injury claim up to the full amount of liability insurance carried by Julia Landwert, plus the limits of underinsured motorist coverage carried by Plaintiff on all vehicles owned by Plaintiff or which Plaintiff may be, by definition, a named insured, which policies are carried with Defendant, Grinnell Mutual Reinsurance Company. Plaintiff is entitled to recover the entire loss from the first dollar up to the policy limits of all available insurance policies.

9. That Defendant Ware is a non-licensed agent, servant and/or employee of Defendant Grinnell Mutual. Defendant Ware is the adjuster assigned to Plaintiff's underinsured motorist claim.

10. Defendants intentionally and willfully failed to act fairly and in good faith in dealing with its insured, Plaintiff herein; failed to promptly evaluate and pay to Plaintiff a reasonable amount to adequately compensate her for injuries sustained in this wreck in a timely manner; hid behind technicalities; wrongfully determined that the value of Plaintiff's personal injury claim was less than the coverage carried by Julia Landwert; all in an attempt to deprive Plaintiff of a prompt, fair and equitable settlement of her personal injury claim, and intentionally and willfully caused a delay in the recovery of underinsured motorist benefits.

11. The actions of Defendants in failing to deal fairly and in good faith and to promptly evaluate and pay to Plaintiff a reasonable amount to adequately compensate her for her injuries sustained in this wreck in a timely manner and to pay the full amount of all available insurance coverage from the first dollar to the limits of all available coverage in a fair and reasonable amount in a timely manner, as well as

facts alleged previously herein, constitute a violation of Defendants' duty of good faith on the part of Defendants, and for punitive damages for Defendants' reckless disregard of its duty to deal fairly and acting in good faith towards its insured.

12. Plaintiff is seeking damages in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00).

## SECOND CAUSE OF ACTION
### (Breach of Contract)

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above, and further alleges and states the following.

14. Plaintiff and Defendant Grinnell Mutual entered into a contract for Uninsured/Underinsured Motorist's insurance.

15. The contract between Plaintiff and Defendant Grinnell Mutual provides that Plaintiff shall pay a monthly premium, and Defendant shall provide insurance for personal injuries sustained by Plaintiff in a car wreck wherein her damages are greater than the insurance carried by the negligent third party.

16. Plaintiff has paid her monthly premiums up to date, and Defendants have failed to provide insurance for Plaintiff's personal injuries sustained in the above referenced wreck which are greater than the negligent third party's insurance coverage.

17. As a result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of $500,000.00, plus attorney fees, costs and interest.

18. In addition to the above, Plaintiff seeks punitive damages against Defendants for their actions/inactions in this matter.

## RESERVATION OF ADDITIONAL CLAIMS

19. Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Michaela Thornton prays for judgment against the Defendants, for compensation for personal injuries from the first dollar of all available insurance, including liability insurance carried by Michaela Thornton and underinsured motorist coverage with Defendant on all

vehicles on which Plaintiff may be considered a named insured; for bad faith; for breach of contract; for punitive damages; all in a sum in excess of $10,000.00, plus interests, costs, attorney fees and such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

WARHAWK LEGAL

_____
Joe Carson, OBA#19429
1000 W. Wilshire Blvd., Suite 230
Oklahoma City, OK 73116
Telephone: (405) 397-1717
Facsimile: (405) 241-5222
E-mail: joe@warhawklegal.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**