# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAELA THORNTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRINNELL MUTUAL REINSURANCE ) <br> COMPANY and BILL WARE, ) <br> Individually, ) <br> ) <br> Defendants. ) | Case No. CIV-15-725-D |

## O R D E R

Before the Court is the Response to Show Cause Order [Doc. No. 9] of Defendant Grinnell Mutual Reinsurance Company (Grinnell). The Court previously entered its Order [Doc. No. 5] directing Grinnell to show cause why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). The Court's order was prompted by the Notice of Removal [Doc. No. 1] which demonstrates complete diversity is lacking. The Notice states that both Plaintiff and Defendant Bill Ware are citizens of the State of Oklahoma. *Id*. at p. 3.

Prior to Grinnell submitting its response, the parties filed a Stipulation of Dismissal as to Individual Defendant Bill Ware [Doc. No. 8] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties do not contend that Defendant Ware is an indispensable party. *See Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1225 (10th Cir. 2011) (recognizing that "only a party who is dispensable under Fed. R. Civ. P. 19 may be dismissed to achieve complete diversity"). Because there is complete diversity of citizenship between Plaintiff and the only remaining Defendant, Grinnell Mutual Reinsurance Company, the Court finds subject matter jurisdiction exists and the action may proceed.

IT IS SO ORDERED this 31st day of July, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE